**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NAMPHONH SUADY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-594 HEA |
| | ) | |
| BRENT ROBERT WOOK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Namphonh Suady, a former inmate at the Jackson County Jail, for leave to commence this civil action without prepaying fees or costs. Because plaintiff has been released from confinement, the Court will not assess an initial partial filing fee but will waive the filing fee in its entirety. *See* 28 U.S.C. § 1915. Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for

relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff, Namphonh Suady, filed the instant complaint on or about May 10, 2021[1] pursuant to 42 U.S.C. § 1983 against the following defendants: Brent Robert Wook (Jefferson County Prosecutor) and David L. Marshak (Jefferson County Sheriff). At the time of the filing of his complaint, plaintiff was incarcerated in the Jackson County Jail. However, since that time, plaintiff has been released from custody.

Plaintiff asserts that defendant Wook violated his rights by issuing a warrant for his arrest in April of 2019 and booking him on charges. He claims that he was not arraigned for seventy-

---

[1]Plaintiff initially filed his complaint in the United States District Court for the Western District of Missouri. The Western District of Missouri transferred the action to this Court on May 11, 2021.

2

nine (79) days. Plaintiff believes this violated his due process rights as well as his 6th, 8th, and 14th Amendment rights.

Plaintiff further claims that Sheriff David Marshak held him in custody for seventy-nine (79) days on behalf of defendant's Wook's charges. Plaintiff states that he was unaware of why he was being held. Again, plaintiff states that this violated his rights under the Constitution.

Plaintiff seeks over eighty million dollars in damages in this lawsuit.

**State Criminal Charges**

The Court has reviewed plaintiff's criminal charges on Missouri.Case.Net and found the following.

A probable cause statement was sworn by Sergeant J. Oughton of the Missouri State Highway Patrol relative to plaintiff on September 21, 2018. *See State v. Suady*, No. 19JE-CR00661 (23rd Judicial Circuit, Jefferson County Court). In the probable cause statement, Sergeant Oughton indicated that plaintiff had been accused of a parental kidnapping. Plaintiff was pulled over by Sergeant Oughton relative to the report of parental kidnapping, and he was asked if he had any weapons in the vehicle. Plaintiff responded that he was driving his brother-in-law's vehicle; however, he refused consent to search the vehicle. An inventory search was made of plaintiff's vehicle after he was taken into custody, and a .38 special was found in the car. A check of plaintiff's background revealed that plaintiff was a convicted felon.

On March 20, 2019, a criminal complaint[2] was filed against plaintiff charging him with unlawful possession of a firearm as well driving while his license was revoked. *See State v. Suady*, No. 19JE-CR00661 (23rd Judicial Circuit, Jefferson County Court). Plaintiff was served with a warrant for his arrest on or about April 30, 2019. *Id.*

---

[2] An Information was filed on or about June 26, 2020.

Plaintiff plead guilty to unlawful possession of a firearm on July 21, 2020. He was sentenced to a suspended execution of sentence (SES) of four years on that same date, with a five-year term of probation.

A criminal complaint[3] was filed against plaintiff on May 24, 2019, charging him with domestic assault in the second degree. *See State v. Suady*, No. 1916-CR02966 (16th Judicial Circuit, Jackson County Court). A warrant was served on plaintiff on July 19, 2019.  Plaintiff plead guilty to domestic assault in the second degree on August 14, 2020, and he was sentenced to twenty (20) days of incarceration.

A criminal complaint was filed against plaintiff on August 27, 2017, charging him with possession of a controlled substance. *See State v. Suady*, No. 1716-CR03614 (16th Judicial Circuit, Jackson County Court). Plaintiff posted bond after a warrant was issued, however, plaintiff failed to appear at a preliminary hearing on October of 2018. A warrant was reissued and served on him on March 29, 2019. Plaintiff plead guilty to possession of a controlled substance on August 12, 2020. He was sentenced to a suspended execution of sentence (SES) of four years on that same date, with a three-year term of probation. *Id.* Petitioner's probation was suspended on August 12, 2020. At that time his three-year term of probation was reaffirmed.

A criminal complaint was filed against plaintiff on January 30, 2017, charging him with possession of a controlled substance. *See State v. Suady*, No. 1716-CR00400 (16th Judicial Circuit, Jackson County Court). Plaintiff posted bond after a warrant was issued, however, plaintiff failed to appear at a preliminary hearing on June 19, 2017. A warrant was reissued and served on him on August 1, 2017, as well as on September 26, 2018 after he again failed to appear. Plaintiff was served with a warrant once again on March 28, 2019. He was released on bond due to population

---

[3] An Information was filed on or about September 17, 2019.

control, but he again failed to appear for court on April 25, 2019. A warrant was once again served on plaintiff on July 22, 2019, and his bond was revoked at that time. However, he was released on bond once again on August 8, 2019.

An Indictment was filed charging plaintiff with possession of a controlled substance on November 15, 2019. *See State v. Suady*, No. 1716-CR00400 (16th Judicial Circuit, Jackson County Court). Plaintiff plead guilty to the charge on August 12, 2020, and he was sentenced to a suspended execution of sentence (SES) of four years on that same date, with a three-year term of probation. *Id.*

## Discussion

### A.  Plaintiff's Claims Against Defendants are Barred by *Heck v. Humphrey*

In *Heck v. Humphrey*, the Supreme Court faced the issue of whether a state prisoner could challenge the constitutionality of his criminal conviction in a suit for damages under § 1983. *Heck v. Humphrey*, 512 U.S. 477, 478 (1994). The Court determined that the plaintiff's § 1983 action for damages was not cognizable. *Id*. at 483. In doing so, the Court noted that a § 1983 action was not the appropriate vehicle for challenging criminal judgments. *Id*. at 486.

[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id*. at 487-88. Thus, when a state prisoner seeks damages pursuant to § 1983, the Court must consider whether a judgment for the plaintiff would

5

"necessarily imply the invalidity of his conviction or sentence." *Id*. at 488. If it would, the Court must dismiss the complaint unless the plaintiff can show that the conviction or sentence has already been invalidated. *Id*. *See also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (concluding that state prisoner's "claim for declaratory relief and money damages based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983"); and *Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996) (discussing application of *Heck* rule in § 1983 cases).

In this action, plaintiff alleges that defendant Wook violated his rights by issuing a warrant for his arrest in April of 2019 and booking him on charges. Plaintiff further alleges that Sheriff David Marshak held him in custody for several months because of defendant Wook's charges. *Heck* bars plaintiff's claims against defendant Wook because plaintiff's conviction and sentence has not been overturned or invalidated. Similarly, to the extent that plaintiff is asserting that defendant Marshak conspired with defendant Wook, his claims are also barred by *Heck*. As such, his claims against defendants are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

## B. Plaintiff's Claims Against Defendant Sheriff David Marshak for Unlawful Imprisonment

Plaintiff asserts that defendant Marshak held him in custody for several months because of defendant Wook's charges. In essence, plaintiff states that he was falsely imprisoned for seventy-nine days while he was awaiting bond in his criminal action. His assertions fail to state a claim for a constitutional violation under 42 U.S.C. § 1983.

Plaintiff has failed to name the capacity under which he is suing defendant David Marshak, who is a Sheriff in Jefferson County, Missouri. Thus, this Court must assume that plaintiff is suing defendant Marshak in his official capacity only. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Naming defendants in their official capacity is the equivalent of naming defendant

Marshak's employer, or Jefferson County. To state a claim against Jefferson County, plaintiff must allege that a policy or custom is responsible for violating his constitutional rights. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978).

"Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). *See also Russell v. Hennepin Cty.*, 420 F.3d 841, 847 (8th Cir. 2005) ("A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible . . . for establishing final policy with respect to the subject matter in question"). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id.* at 390.

Alternatively, a plaintiff can establish a claim of liability based on an unconstitutional "custom." To do so, the plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013). Finally, a plaintiff can show municipal liability by establishing a deliberately indifferent failure to train or supervise. To do so, the plaintiff must demonstrate a "pattern of similar constitutional violations by untrained employees." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Plaintiff's complaint does not provide any factual allegations to support a municipal liability claim against Jefferson County. A policy is a "deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin*, 829 F.3d at 700. Plaintiff points to no facts tending to show that a Jefferson County official made a deliberate choice to institute an official policy that is either unconstitutional on its face or in its implementation.

Plaintiff also has not provided any factual allegations to support the contention that Jefferson County violated his constitutional rights due to an unofficial custom. To demonstrate that a municipality has an unofficial custom, plaintiff must show a widespread pattern of misconduct, that policymaking officials were deliberately indifferent to or tacitly authorized the misconduct, and that the custom was the driving force behind the constitutional violation. *Johnson*, 725 F.3d at 828. Plaintiff does not make any specific allegations of widespread misconduct. To the contrary, plaintiff alleges that his treatment by defendant Marshak was personal.

Having carefully reviewed and liberally construed the plaintiff's complaint, the Court will dismiss plaintiff's official capacity claims against all defendants under 42 U.S.C. § 1983. To the extent plaintiff has any state law claims, the Court will decline to exercise jurisdiction over such claims. 28 U.S.C. § 1367(c).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 6] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 15th day of December, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE